In Re:  Eric Williams, No. S1658-04 CnC (Norton, J., July 8, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                              SUPERIOR COURT
Chittenden County, ss.:                                    Docket No. S1658-04 CnC

IN RE ERIC WILLIAMS

ENTRY

This matter concerns a post-conviction relief petition. Petitioner Eric Williams's counsel, Mark Furlan, filed a request to withdraw. The court denied this request, holding that Attorney Furlan must first file an affidavit specifying (1) petitioner's claims, (2) law or argument that could conceivably support such claims, and (3) a statement that counsel does not consider petitioner's claims to be warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Attorney Furlan has now filed a motion to reconsider, submitting two affidavits to demonstrate that the legislative intent behind a recent amendment to the law governing rights to counsel in post-conviction relief petitions, 13 V.S.A. § 5233(a)(3), was contrary to the court's ruling.

Part of the court's reasoning in requiring an affidavit from Attorney Furlan was based on indications from the Vermont Supreme Court that a requirement akin to that of Anders v. California, 386 U.S. 738, 744–45 (1967), was necessary before a post-conviction relief petition counsel could withdraw. See In re Moreno, No. 2004-120, slip op. at 3 (Vt. Nov. 10, 2004) (unpublished mem.); Wool v. State, Docket No. 2004-323, slip op. at 1 (Vt. Sept. 9, 2004) (unpublished mem.). The Court issued both of these decisions after the Legislature amended § 5233(a)(3). Thus, Attorney Furlan's argument that this court's decision is contrary to the current statute is unavailing.

Moreover, the affidavits that Attorney Furlan submits do not indicate that the

court's ruling is inconsistent with the legislative intent behind the amendment to § 5233(a)(3). In one affidavit, Vermont Defender General Matthew Valerio states that

the intent behind the amendment was "to give the Defender General the right to refuse representation in frivolous or de minimus cases brought by inmates under the Public Defender Act." In the other, Representative Margaret Flory states that the House Judiciary Committee's "intent in passing th[e] amendment was to relieve the Defender General's Office from pursuing frivolous post conviction relief matters."

The court's ruling does not contravene the Defender General office's ability to forgo taking post-conviction relief cases that it deems frivolous upon a preliminary review. To the extent that this was the Legislature's intent, the court's ruling is consistent with that intent. The court's ruling merely requires that once an attorney has agreed to represent a prisoner, that attorney cannot withdraw upon a unilateral discovery that all of the prisoner's claims are frivolous. In such circumstances, the attorney must provide an Anders-type submission to explain why the claims are without merit. This ruling is made pursuant to the court's authority under V.R.C.P. 79.1(f), not necessarily pursuant to § 5233(a)(3).

ORDER

For the foregoing reasons, Attorney Furlan's motion to reconsider is DENIED.


Dated at Burlington, Vermont, July 8, 2005.



_____/s/_____
                                                    Judge